FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 2 6 2009  ★

BROOKLYN OFFICE

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIO LOPEZ,

                Plaintiff,

      v.

TECHTRONIC INDUSTRIES CO., LTD.,
TECHTRONIC INDUSTRIES NORTH
AMERICA, INC., ONE WORLD
TECHNOLOGIES, INC. and
HOME DEPOT U.S.A., INC.,

                Defendants.

---

Civil Action No. 09 1270

MATSUMOTO, J.

LEVY, M.J.

## COMPLAINT AND JURY DEMAND

Mario Lopez by the undersigned attorneys as and for his complaint herein alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw manufactured, sold and distributed by Techtronic Industries Co., Ltd. ("TTI"), Techtronic Industries North America, Inc. ("TTI-NA"), One World Technologies, Inc. ("One World") (collectively, "Manufacturer Defendants") and Home Depot U.S.A., Inc. ("Home Depot") (collectively, "Defendants").

### PARTIES

2.    Plaintiff Mario Lopez is an individual who resides at 81 Darcy Street, Newark, New Jersey 07105.

3.      Upon information and belief, TTI is a Hong Kong corporation, maintaining its principal place of business at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan, New Territories, Hong Kong.  TTI is a large, multi-national corporation that sells power tools and other consumer products throughout the world.  On information and belief, TTI has the exclusive right to market power tools under the Ryobi name in the United States.  Operating through a variety of wholly-owned American subsidiaries, TTI does substantial business in the United States

4.      Upon information and belief, TTI-NA is a Delaware corporation, maintaining its principle place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. TTI-NA is a wholly-owned subsidiary of TTI through which TTI manufactures, distributes and sells power tools under the Ryobi name.

5.      Upon information and belief One World is a Delaware corporation, maintaining its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. One World is a wholly-owned subsidiary of TTI and/or TTI-NA and manufactures, distributes and sells power tools under the Ryobi name.

6.      Upon information and belief, Home Depot is a Delaware corporation, maintaining its principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia.

### JURISDICTION & VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action between citizens of different states and the amount in controversy exceeds $75,000.

8.      This Court has personal jurisdiction over the Manufacturer Defendants because Plaintiff's claims arise from TTI's, TTI-NA's and One World's:

2

      (a)     transacting business within the State of New York;

      (b)     contracting to supply goods or services in the State of New York;

      (c)     committing a tortious act outside the State of New York that caused injury to a person within the State of New York and regularly doing or soliciting business and engaging in other persistent courses of conduct in the State of New York, and deriving substantial revenue from goods used or consumed in the State of New York.

9.     This Court has personal jurisdiction over Home Depot because Home Depot is authorized to do business, and is doing business, in the State of New York.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) in that all the defendants reside in this District, as that term is defined in § 1391(c).

## FACTUAL BACKGROUND

11.     Upon information and belief, on or about July or August 2005, the Manufacturer Defendants were the designer, manufacturer, tester, supplier, seller, and/or distributor of a Ryobi 10-inch table saw, BTS20R, Serial Number X053102948 (hereinafter, the "Ryobi Saw"), and had distributed, supplied and/or sold the Ryobi Saw.

12.     At some time prior to May 2007, the Manufacturer Defendants distributed, supplied and/or sold the Ryobi Saw exclusively to Home Depot.

13.     At some time prior to August 2006, Home Depot distributed, supplied and/or sold the Ryobi Saw to Plaintiff.

14.     The Manufacturer Defendants as a manufacturer of power saws has failed to utilize available safer technology in its saws.

15.    The Ryobi Saw, like all table saws sold in the United States, is required to be sold with a blade guard.  However, the blade guard on the Ryobi Saw is extremely difficult to use and is necessary to be removed for certain cuts.  Once removed, it is extremely difficult to reattach.  Thus, it is common practice for users of the Ryobi Saw to either assemble the saw without the guard or to remove the guard and leave it permanently off the machine when using the table saw.  This widespread practice was well known by Defendants, yet Defendants made no effort to improve the design of the guard to make it more user friendly until required to do so by recent changes to industry-wide standards.

16.    The Ryobi Saw also comes with a splitter or spreader attached to the guard, which is designed to prevent "kickbacks" during cutting.  A kickback is often the result of the saw blade being pinched by the wood as it is being cut.  The back of the saw blade can cause the wood to jerk or kick back at a high velocity into the user, causing the user's hands to land on the saw blade or to be pulled into the blade.  Kickbacks, such as that which occurred here, are common and can cause catastrophic injuries.

17.    Defendants designed the splitter or spreader on the Ryobi Saw to be attached directly to the guard so that, when the guard is removed, as it often is, no kickback protection is provided to the user.

18.    However, Defendants had known for several years that kickbacks can be substantially avoided by using an independent "riving knife" rather than a spreader.  A riving knife is a small piece of metal that sits behind the blade and rises and falls with the blade.  Even if the guard is removed, the independent riving knife remains in place, substantially reducing or eliminating kickbacks.

4

19.     Riving knives have been used for decades in the United States and Europe. Recently, independent riving knives have been included as necessary safety equipment pursuant to new industry-wide standards adopted in the United States.

20.     The Manufacturer Defendants failed to apply an independent riving knife that would have been feasible for the intended use of the subject saw and would have reduced the probability of a kickback and instead installed a guard which interfered with efficient operation of the saw and which the Manufacturer Defendants knew would be removed by virtually all operators of its saws.

21.     Had Defendants employed this safer available technology on the Ryobi Saw, Plaintiff would not have been injured, or his injury would have been substantially reduced.

22.     For years there has also been available technology that, for example, would stop a power saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by Plaintiff.

23.     In or around November 2000, at a meeting of the Power Tool Institute, Inc. ("PTI"), of which One World is a member, the Manufacturer Defendants were made aware of technology that detects when human flesh touches the saw blade, and once contact is detected, stops the saw blade almost instantly. At the time of the demonstration, the inventor of the flesh detection and braking technology offered to make the technology available to the Manufacturer Defendants through a licensing agreement. The Manufacturer Defendants chose not to utilize this technology and instead joined with other table saw manufacturers through PTI to form a joint venture, ostensibly to develop their own flesh detection and braking technology. Defendants, however, have continued to sell table saws without this available technology.

24.     Defendants, acting through PTI, have also actively lobbied the Consumer Protection Safety Commission ("CPSC") to prevent the adoption of flesh detection systems as a safety standard on table saws.

25.     The Manufacturer Defendants failed to pursue licensing and use of this available safer technology, or to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

26.     The Ryobi Saw does not incorporate the flesh detection and braking technology, or other comparable safety technology.

27.     On or about December 13, 2007, Plaintiff, while in the course of his employment, was injured while using the Ryobi Saw at a worksite at 28 Bungalow Walk, Ocean Beach, New York. At the time of the accident, Plaintiff was exercising all due care for his own safety.

## CLAIMS FOR RELIEF

### COUNT I

**(Strict Products Liability Against Defendants TTI, TTI-NA & One World)**

28.     Plaintiff re-alleges and repeats each and every allegation contained in paragraphs 1 through 27 and incorporates each as if fully set forth herein.

29.     TTI, TTI-NA and/or One World placed the table saw that injured Plaintiff on the market, knowing that it would be used without inspection for defect.

30.     The table saw that was placed on the market by TTI, TTI-NA and One World and which injured the Plaintiff, was defective.

31.     The defect in the table saw caused the Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury, great pain of body and anguish of mind, required

6

**(Implied Warranty Against Defendants TTI, TTI-NA & One World)**

33.     Plaintiff re-alleges and repeats each and every allegation contained in paragraphs 1 through 32 and incorporates each as if fully set forth herein.

34.     TTI, TTI-NA and/or One World impliedly warranted to Plaintiff that the Ryobi Saw and its component parts were merchantable, safe and fit for ordinary purposes. TTI, TTI-NA and One World are merchants with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by TTI, TTI-NA and/or One World.  TTI, TTI-NA and/or One World therefore breached these warranties to Plaintiff.

35.     As the direct and proximate result of TTI's, TTI-NA's, and/or One World's said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT III

**(Negligence Against Defendants TTI, TTI-NA & One World)**

36.     Plaintiff re-alleges and repeats each and every allegation contained in paragraphs 1 through 35 and incorporates each as if fully set forth herein.

37.     TTI, TTI-NA and/or One World were negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Ryobi Saw and was negligent with respect to equipping the Ryobi Saw with adequate safeguards, warnings and/or instructions.

38.     As the direct and proximate result of TTI's, TTI-NA's and/or One World's said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT IV

### (Strict Products Liability Against Defendant Home Depot)

39.     Plaintiff re-alleges and repeats each and every allegation contained in paragraphs 1 through 38 and incorporates each as if fully set forth herein.

40.     Home Depot placed the table saw that injured Plaintiff on the market, knowing that it would be used without inspection for defect.

41.     The table saw that was placed on the market by Home Depot and which injured the Plaintiff, was defective.

42.     The defect in the table saw caused the Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury, great pain of body and anguish of mind, required extensive hospital and medical care and treatment, medical expenses, lost time from work; and impaired his ability to engage in normal and usual activities.

43.     Home Depot is strictly liable.

## COUNT V

### (Implied Warranty Against Defendant Home Depot)

8

44.     Plaintiff re-alleges and repeats each and every allegation contained in paragraphs 1 through 43 and incorporates each as if fully set forth herein.

45.     Home Depot impliedly warranted to Plaintiff that the Ryobi Saw and its component parts were merchantable, safe and fit for ordinary purposes. Home Depot is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Home Depot. Home Depot therefore breached these warranties to Plaintiff.

46.     As the direct and proximate result of Home Depot's said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT VI

### (Negligence Against Defendant Home Depot)

47.     Plaintiff re-alleges and repeats each and every allegation contained in paragraphs 1 through 46 and incorporates each as if fully set forth herein.

48.     Home Depot was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Ryobi Saw and was negligent with respect to equipping the Ryobi Saw with adequate safeguards, warnings and/or instructions.

49.     As the direct and proximate result of Home Depot's said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind,

required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

**WHEREFORE,** Plaintiff demands judgment against Defendants, in an amount sufficient to compensate him for his losses and damages, together with interests and costs.

## PLAINTIFF CLAIMS A TRIAL BY JURY

Dated:  March 24, 2009

BOIES, SCHILLER & FLEXNER LLP
Attorneys for Plaintiff Mario Lopez

By:

Angus W. Dwyer
George F. Carpinello
BOIES, SCHILLER & FLEXNER, LLP
10 North Pearl Street, 4th Floor
Albany, New York  12207
Telephone:     (518) 434-0600
Facsimile:     (518) 434-0665
Email:         adwyer@bsfllp.com

Stuart H. Singer
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone:     (954) 356-0011
Facsimile:     (954) 356-0022
Email:         ssinger@bsfllp.com

David M. Williams
WILLIAMS & MAHONEY, LLC
900 Cummings Center, Suite 306-T
Beverly, Massachusetts 01915
Telephone:     (978) 232-9500
Facsimile:     (978)-232-9222
Email:         dwilliams711@hotmail.com

Richard J. Sullivan
SULLIVAN & SULLIVAN LLP
40 Washington Street
Wellesley, Massachusetts  02481
Telephone:     (781) 263-9400
Facsimile:     (781) 239-1360
Email:         rsullivan@sullivanllp.com